IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES BRIAN WRIGHT                                                      PLAINTIFF

      V.                          NO.  2:09-CV-02091-RTD

BOARD OF COMMISSIONERS of
SEBASTIAN COUNTY,
JOHN DOE POLICE OFFICERS,
RON LOCKHART, MARK HALLUM,
FRANK ATKINSON and
JOHN DOE DEPUTIES of the
SEBASTIAN COUNTY SHERIFF'S OFFICE                              DEFENDANT

### MAGISTRATE JUDGE'S REPORT and RECOMMENDATION

JAMES BRIAN WRIGHT filed this pro se civil rights action under 42 U.S.C. § 1983 on July 22, 2009.  (Doc. 1).  Plaintiff's complaint was filed *in forma pauperis* (IFP) and certified to proceed on that same date.  The named Defendants Mark Hallum and Ron Lockhart were properly served and a Motion to Dismiss (Doc. 12) was filed on November 13, 2009.A Motion to Dismiss (Doc. 14) was filed by Frank Atkinson on November 17, 2009. Both motions assert that the Plaintiff's action is barred by the Statute of Limitations.

Also pending before the court is Defendants Hallum and Lockhart's Motion for Extension of Time (Doc. 16), Plaintiff's Motion for Leave to Substitute (Doc. 21), Plaintiff's  Motion to Compel (Doc. 22), Plaintiff's Motion to Amend (Doc. 25) and Plaintiff's Motion to Dismiss Mark Hallum (Doc. 26)

**Background:**

Plaintiff, James Brian Wright ("Wright"), alleges that Mark Hallum (now a Major with the Fort Smith Police Department but a patrolman on March 4, 1994) and former Fort Smith

Police Corporal Ron Lockhart (now Sheriff of Sequoyah County, Oklahoma), on March 4, 1994, arrested him on an outstanding warrant for rape (Doc. 1-10) out of the District Court of Sequoyah County, Oklahoma. (Doc. 1, p. 5).  According to the warrant it was issued on March 2, 1994. While the Plaintiff was only 16 years old at the time the case was not charged in juvenile court but he was charged as an adult and "no bond" was authorized. (Doc. 1-10).

The Plaintiff was arrested on the above warrant out of Sequoyah county (Doc. 1-9) on March 4, 1994 and booked into the Sebastian County Juvenile Detention center on March 4, 1994 for a warrant "out of Sequoyah County for Rape. The Plaintiff signed a waiver of extradition (Doc. 1-12) and was extradited to Oklahoma.

Wright alleges that Lockhart and/or Hallum "interrogated" him and, by "force, coercion and fear," Lockhart "John Doe police officer #1 and John Doe police officer #2" made Wright sign an "illegal waiver" of extradition to Sequoyah County. (Doc. 1, p. 5-6). Wright goes on to allege that Lockhart and Sebastian County deputies then "kidnapped" him and transported him to Sallisaw, Oklahoma.

The court docket sheet for CF 94-55 is impossible to read (Doc. 1-6) but, according to the Plaintiff's attorney at the time, it appears that the Plaintiff did appear in the Sequoyah County Circuit Court and entered a plea of nolo contendere and received a five year deferred sentence. (Doc. 1-11) There does not appear to be any certification that the Plaintiff agreed to be treated as an adult (Doc. 1-13) even though his attorney at the time filed a Motion to Certify as a Juvenile. (Doc. 1-17).  It also appears that the Circuit Court for Sequoyah County determined in 2008 that the Plaintiff's constitutional rights were violated in their process and set the conviction aside. (Doc. 1-5).

Wright says all of this deprived him of constitutional rights affecting his prior criminal

case, State of Oklahoma v. James Brian Wright, Sequoyah County, Oklahoma District Case No.

CF-94-55 (i.e., the case that formed the basis of the Oklahoma warrant for rape).

The Plaintiff brought a similar action in the U.S. District Court for the Eastern District of

Oklahoma, CIV-08-12-JHP – which case has been dismissed by U.S. District Judge James H.

Payne. See copy of Order entered on October 20, 2009, attached hereto as Exhibit "1." (Doc. 13-

1).  The Plaintiff filed the instant case (Doc. 1) on July 22, 2009 contending that his

constitutional rights were violated when the defendants forced his to execute a waiver (Doc. 1-

12) to be transported to Oklahoma to face his State charges.

**Discussion:**

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept all

material factual allegations in the complaint as true and construe them in the light most favorable

to the party opposing the motion. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, the

Court need not credit broad conclusions unsupported by the factual allegations. *Morse v. Lower

Merion School District*, 132 F.3d 902, 908, 909 (3d Cir. 1997). If the facts alleged in the

complaint, and inferences and implications reasonably proceeding from them, cannot entitle the

plaintiff to any relief as a matter of law, the complaint should be dismissed for failure to state a

claim upon which relief may be granted. *Gomez v. Toledo*, 446 U.S. 635, 636 (1980).

### Statute of Limitations

Plaintiff's section 1983 claim is barred by the statute of limitations. The statute of

limitations for claims brought under 42 U.S.C. § 1983 is generally the applicable state law period

for personal injury torts. *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 124 n. 5,

125 S.Ct. 1453, 161 L.Ed.2d 316 (2005); *Strandlund v. Hawley,* 532 F.3d 741, 746 (C.A.8

(Minn.),2008).  The Supreme Court has ruled that in diversity cases brought in federal court

under 42 U.S.C. § 1983, the forum state's statute of limitations for tort actions should be applied.

*Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *see Ketchum v.*

*City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir.1992) (applying Arkansas's three year

personal injury statute of limitations to § 1983 action). The Eighth Circuit has accordingly relied

on Wilson in concluding that Arkansas civil rights claims other than for employment

discrimination should be treated as torts for limitations purposes. *See Birmingham v. Omaha Sch.*

*Dist.*, 220 F.3d 850, 855 (8th Cir.2000);  *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC,*

519 F.3d 466, 474 (C.A.8 (Ark.),2008).  The appropriate statute of limitations regarding

Plaintiff's claim is, therefore, Arkansas' three year limitation. *Weston v. Bachman*, 682 F.2d 202

(8th Cir. 1982), cert. denied, 464 U.S. 824, 104 S. Ct. 93, 78 L. Ed.2d 99 (1983).

      A statute of limitations usually "begins to run when a cause of action accrues, and a cause

of action accrues at the time when a litigant first could have maintained his action to a successful

conclusion." See generally *Sherwood Forest No. 2 Corp. v. City of Norman*, 1980 Okla. 191, 632

P.2d 368, 370 (emphasis added). *See also Cox v. Stanton*, 529 F.2d 47 (4th Cir. 1975); *Cowart v.*

*Piper Aircraft Corp.*, 665 P.2d 315, 318 (Okla. 1983) ("As a general rule, the accrual of a cause

of action means the right to institute and maintain a suit, and whenever one person may sue

another a cause of action has accrued, and the statute of limitations begins to run.").

      In the present case the Plaintiff asserts that the named defendants coerced him into

waiving extradition from Arkansas to Oklahoma.  Clearly this cause of action accrued when the

extradition waiver (Doc. 1-12) was signed which was on March 4, 1994 and the Plaintiff's cause

-4-

of action was complete at that time.

The Plaintiff, however, was 16 years of age at the time of his arrest on the felony warrant. Under Arkansas Law, "If any person entitled to bring any action under any law of this state is under twenty-one (21) years of age or insane at the time of the accrual of the cause of action, that person may bring the action within three (3) years next after attaining full age, or within three (3) years next after the disability is removed." A.C.A. § 16-56-116 (a). Plaintiff would have reached the age of majority (21 years old) by 1998. Three years after the Plaintiff attained full age (21 years old), would have been 2001.

The only remaining issue is whether the Plaintiff's cause of action did not accrue until his sentence was vacated by the Oklahoma state court (Doc. 1-5) on May 22, 2008. The accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law. *Wallace v. Kato,* 549 U.S. 384, 388, 127 S.Ct. 1091, 1095 (U.S.,2007). It appears that after the Plaintiff was transported to the State of Oklahoma after his arrest where he entered a plea of guilty and received a 5 year deferred sentence on July 27, 1994. (Doc. 1-11). The sentence seems to be a non issue to the Plaintiff until after he was arrested and incarcerated on subsequent charges. The Plaintiff contends that he was subsequently abused in prison because the inmates learned about his 1994 rape charges. (Doc. 1-19). The Plaintiff then took steeps to set aside the 1994 rape conviction in Sequoyah county and was ultimately successful in obtaining an order (Doc. 1-5) granting his application for post conviction relief and vacating his 1994 conviction.

While the Plaintiff's claim against the named Defendants is not a claim for false arrest or false imprisonment an analysis of a false imprisonment claim is instructive. The United States Supreme Court has held that "For false imprisonment and its subspecies false arrest, "[t]he ...

cause[s] of action provid[ing] the closest analogy to claims of the type considered here," *Heck v.
Humphrey*, Id., the statute of limitations begins to run when the alleged false imprisonment ends,
see, e.g., 4 Restatement (Second) of Torts § 899, Comment c, that is, in the present context, when
the victim becomes held pursuant to legal process, see, e.g., Heck, supra, at 484, 114 S.Ct. 2364.
*Wallace v. Kato,*  549 U.S. 384, 384, 127 S.Ct. 1091, 1092 (U.S.,2007).

In the Wallace case the Petitioner specifically alleged that he could not pursue his claim
for false arrest until the State dropped its charges against him but the Supreme Court specifically
rejected that claim. *See Wallace v. Kato*, 449 U.S. 384 @ 384. The court went on to state that the
claim for false imprisonment ended when legal process (arraigment) was initiated against him.

In this instance it is clear that the Plaintiff's claim did accrue at the time that the alleged
violation concerning the execution of his waiver occurred.  Accepting all material factual
allegations in the complaint as true and construing them in the light most favorable
to the party opposing the motion the Plaintiff's complaint is barred by the Statute of Limitations.
Even if the arrest was illegal and the Plaintiff was unlawfully detained that was cured at the time
of his arraignment and certainly be the time the Plaintiff entered a plea to the charge of Rape.
There is nothing in the law to support the Plaintiff's contention that the cause of action did not
accrue until his conviction was set aside.  The cause of action accrued when the waiver was
signed on March 4, 1994 and the Statue of Limitations began to run when the Plaintiff turned 21
years old on March 25, 1998 and expired on March 25, 2001.

**Conclusion:**

I therefore recommend that the Defendants Mark Hallum and Ron Lockhart's Motion to
Dismiss (Doc. 12) and Defendant Frank Atkinson's Motion to Dismiss (Doc. 14) be **GRANTED**

on the grounds that the claim is precluded because of the Statue of Limitations.

It is further recommended that Defendants Hallum and Lockhart's Motion for Extension of Time (Doc. 16), Plaintiff's Motion for Leave to Substitute (Doc. 21), Plaintiff's  Motion to Compel (Doc. 22), Plaintiff's Motion to Amend (Doc. 25) and Plaintiff's Motion to Dismiss Mark Hallum (Doc. 26) all be **DENIED** as MOOT.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 8th day of March 2010

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE